UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1 RICHARD ROGERS, and
D-2 DORIAN TAYLOR

        Defendants.
_____/

CRIM. CASE NO. 13-20270

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## ORDER DENYING DEFENDANT TAYLOR'S MOTION TO SUPPRESS STATEMENTS

On December 13, 2012, Defendant Dorian Taylor was present at the residence of co-Defendant Richard Rogers on 2187 Harding, Detroit, Michigan, when the home was "soft" searched by Federal and State Task Force Officers based on a signed consent to-search by resident Richard Rogers. A "soft" search occurs when the resident of the home, not then on the premises, consents to a police search. Rogers, who had consented, accompanied the officers on the entry and search, and provided them with the key to the front door. Co-Defendant Rogers had previously confessed to Task Force officers, to possessing drugs and firearms in the house.

Defendant Taylor was present in the Harding address as an invitee. Taylor does not argue any expectation of privacy with regard to the house search. Neither co-Defendants Rogers or Taylor testified at the evidentiary hearings.

When the Task Force officers entered the house that co-Defendant Rogers said contained

1

drugs and firearms, TF Agent Richardson saw Defendant Taylor exiting a back room with a duffel bag, and, after making eye-contact with Richardson, Taylor attempted to close the back bedroom door. Taylor was detained while the Task Force searched the house.

The Court concludes that the Task Force was justified in detaining Taylor: he was not a resident, who was present in a residence containing drugs and guns, and he acted to surreptitiously close the door to a room he was exiting with a duffel bag. The officers took co-Defendant Taylor to the dining room and handcuffed him while they searched the house and discovered other individuals. Testimony of TFA Kristopher Richardson, Nov. 5, 2013 Hearing, p.66. After the task force finished "clearing the location", TFA Officer Sargent who had previously handcuffed Taylor, took him to an upstairs bedroom, removed the handcuffs, orally advised co-Defendant Taylor of his Miranda rights, and confirmed that he could read. Taylor reviewed and signed both the advice of rights and statement forms, and acknowledged that he understood his rights. He then freely and voluntarily admitted to delivering cocaine to the house that day (December 13, 2012), and further that the kilos of cocaine seized from the back bedroom were his. Taylor's statements are admissible.

The Court concludes that the Government has established that Taylor's waiver was "based on the totality of the circumstances, to be voluntary, knowing and intelligent." *Seymour v. Walker*, 224 F.3d 542, 554 (6th Cir. 2000). There was no coercion.

Accordingly, the Court DENIES Defendant Taylor's Motion to Suppress Statements.

SO ORDERED.

DATED: FEB 19 2014

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

2